# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-60073
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lamar McDonald,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CR-107-1

_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Lamar McDonald was convicted after a jury trial of one count of conspiring to possess with intent to distribute 500 grams or more of a substance or mixture containing a detectable amount of cocaine and a mixture or substance containing a detectable amount of methamphetamine; two counts of possessing with intent to distribute a mixture of substance

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60073

containing a detectable amount of cocaine; and two counts of attempting to distribute a mixture of substance containing a detectable amount of methamphetamine. On appeal, McDonald challenges the sufficiency of the evidence to support his convictions. He further argues that the district court incorrectly applied three sentencing enhancements.

First, because McDonald preserved his sufficiency issue in the district court, our review is de novo. *See United States v. Carbins*, 882 F.3d 557, 562-63 (5th Cir. 2018). In reviewing preserved sufficiency claims, we determine whether "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

To prove conspiracy to possess with intent to distribute cocaine and methamphetamine, the Government must show: "(1) two or more persons, directly or indirectly, reached an agreement to possess with the intent to distribute a controlled substance; (2) the defendant knew of the agreement; (3) the defendant voluntarily participated in the agreement; and (4) the overall scope of the conspiracy involved the drug amount in the charged crime." *United States v. Bowen*, 818 F.3d 179, 186 (5th Cir. 2016) (internal quotation marks, brackets, and citation omitted). A defendant is guilty of an attempt crime under 21 U.S.C. § 846 when, acting with the kind of culpability otherwise required to commit a substantive offense, he engages in conduct that constitutes a substantial step toward commission of the offense. *United States v. Redd*, 355 F.3d 866, 872-73 (5th Cir. 2003). To prove distribution of methamphetamine, the Government must show: "(1) knowledge, (2) possession [of the illegal substance], and (3) intent to distribute." *United States v. Garza*, 990 F.2d 171, 174 (5th Cir. 1993). When viewing the evidence and all reasonable inferences in the light most favorable to the Government,

we conclude that the evidence was sufficient to support McDonald's convictions. *See Vargos-Ocampo*, 747 F.3d at 301.

Next, we review a denial of a motion for new trial for abuse of discretion. *United States v. Franklin*, 561 F.3d 398, 405 (5th Cir. 2009). "Generally, motions for new trial are disfavored and must be reviewed with great caution." *United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011). We conclude that the guilty verdict was not against the weight of the evidence and that the district court did not abuse its discretion by denying McDonald's motion for a new trial.

Finally, McDonald challenges three sentencing enhancements applied to the calculation of his offense level. We review de novo a district court's interpretation or application of the Sentencing Guidelines and its factual findings for clear error. *See United States v. Muniz*, 803 F.3d 709, 712 (5th Cir. 2015). We conclude that the district court did not clearly err when it determined that the record supported a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm by a coconspirator. *See United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995). The district court did not clearly err in applying a U.S.S.G. § 2D1.1(b)(5) enhancement because the court could reasonably infer that the methamphetamine involved in the drug-trafficking conspiracy was imported from Mexico. *United States v. Serfass*, 684 F.3d 548, 550, 553-54 (5th Cir. 2012). The district court did not clearly err in applying a three-level enhancement under U.S.S.G. § 3B1.1(b) because the evidence supported a finding that McDonald managed or supervised at least five participants in the criminal activity. *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

AFFIRMED.